## No. 2312
## Second Circuit

## NATHAN GAMBERG v. STEINBERG & COMPANY

(February 8, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625.**

The judgment of a trial court on a question of fact, not clearly erroneous, should be affirmed. May Hosiery Mills vs. Handelman & Dreyfus, 1 La. App. 387.

2. **Louisiana Digest—Evidence—Par. 53.**

The burden of proof is on plaintiff. Code of Practice, 312.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

Judgment affirmed.

Hawthorn and Stafford, of Alexandria, attorneys for plaintiff, appellant.

George J. Ginsberg, of Alexandria, attorney for defendants, appellees.

### STATEMENT OF THE CASE

REYNOLDS, J. On November 18, 1920, plaintiff filed this suit to recover $72.00 as the price of 3000 pounds of automobile tires at 1½ cents a pound, 2000 pounds of inner tubes at 5 cents a pound and 600 pounds of manilla rope at 4½ cents a pound sold by plaintiff to defendants.

On September 22, 1921, on motion of plaintiff's counsel the suit was placed in the "dead" docket.

On September 18, 1923, by agreement of counsel for both plaintiff and defendants the case was revived and placed on the "live" docket.

On October 23, 1923, plaintiff filed a supplemental petition in which he claimed the further sum of $150.00 as the price of five tons of burlap at 1½ cents a pound alleged

to have been sold by him to defendants and delivery of which, he alleges, defendants refused to accept, and which, he also alleges, was subsequently destroyed by fire while in his possession without any fault on his part.

Defendants denied liability, and especially denied the alleged tender to and refusal by them to accept the five tons of burlap.

On these issues the case was tried and there was judgment in favor of the defendants and plaintiff has appealed.

## OPINION

Plaintiff's demand for $172.00 as the price of the articles mentioned in his original petition as having been sold and delivered by him to defendants on July 30, 1920, cannot be allowed for the reason that in his evidence he does not claim that the articles were delivered to or received by defendant but that they were destroyed by fire without his fault while still in his possession.

Having sued for the price of goods alleged to have been sold and delivered he will not be permitted to shift his ground on trial and prove that they were destroyed by fire without his fault before delivery and recover their value on the theory that although still in his possession they were so at defendants' risk.

The demand for $150.00 as the price of five tons of burlap at 1½ cents a pound contained in plaintiff's supplemental petition alleged to have been tendered to defendants and refused by them and also to have been destroyed by fire without plaintiff's fault which in his possession, must be determined from the evidence in the case.

Plaintiff swears positively that he sold to defendants, through their agent, Mr. Cohen, five tons of burlap at 1½ cents a pound on July 30, 1920, and that delivery of the goods was tendered to Mr. Cohen for defendants and that he refused to accept the same.

Mr. Cohen swears equally positively to the contrary.

The testimony of these two witnesses offsets that of each other, and the plaintiff, who has the burden of proof, had failed to establish his demand by a preponderance of the evidence.

If plaintiff had tendered to defendant five tons of burlap on July 30, 1920, we cannot understand why he should have sued in the following October for the value of the other items he claims to have sold to defendants on the same date and not have included this claim for the value of five tons of burlap.

Defendant filed in evidence (page 9) price list of Steinberg & Company, which was admitted by plaintiff and filed as defendants' exhibit A.

We have carefully examined this document and do not find thereon any mention of burlap or any price of burlap fixed in same.

Plaintiff, in his testimony, claims to have sent the articles sold to defendants to them in a wagon. If any burlap had been included, it should have been easy for the plaintiff to show this by the driver of the wagon. This, however, he failed to do, and it being a matter peculiarly within the knowledge of his employees the plaintiff should have made this proof or given some satisfactory reason for his failure to do so.

All of the items whose price plaintiff is suing for are alleged to have been sold on July 30, 1920. We find in the evidence a check signed by defendants drawn in favor of the plaintiff and endorsed and cashed by him dated August 2, 1920, for $191.84. Defendants claim that this check was given in full settlement of all indebtedness of theirs to plaintiff to that date. Plaintiff having accepted the check without protest, the payment corroborates defendants' claim that it was in full settlement of their indebtedness to plaintiff.

The District Judge rendered judgment in favor of the defendants. We think the evidence in the case, taken as a whole, fully warrants the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.